Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 1135 | **DATE** | 11/4/2002 |
| **CASE TITLE** | USA vs. Rodney Henderson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court denies defendant's motion for judgment of acquittal (51-10 and his motion of new trial (50-1). All remaining motions were previously ruled upon before or during trial and are therefore terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | NOV 0 6 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | | 57 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | U.S. DISTRICT COURT CLERK | | |
| OR | courtroom deputy's initials | | 02 NOV -5 PM 4:54 | date mailed notice | |
| | | | Date/time received in Central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 001 CR 1135 |
| ) | |
| RODNEY HENDERSON ) | |

DOCKETED
NOV 6 2002

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Rodney Henderson has moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, arguing that the government failed to prove beyond a reasonable doubt that he distributed cocaine base in violation of 21 U.S.C. §841(a)(1). His motion presents what would be a good argument to a jury as to why it should acquit him. But in ruling on a motion for judgment of acquittal, the Court does not re-weigh the evidence as a thirteenth juror; rather we determine whether the evidence, viewed in the light most favorable to the government, would have permitted a reasonable jury to find defendant guilty beyond a reasonable doubt. *See, e.g., United States v. Johnson,* 127 F.3d 625, 628 (7th Cir. 1997). The evidence in this case meets that standard. Among other things, the evidence would have permitted the jury reasonably to find the following:

- Henderson had telephone conversations with the government's cooperating informant to set up a drug deal;

- the informant and his car were checked before he met with Henderson to make sure that he had no drugs on him;

- the informant briefly entered a barbershop where Henderson was working and had a

conversation with him in which Henderson asked, "You got the money?";

- the two men entered the informant's truck, and Henderson then exited, went into an apartment building, and returned to the truck;

- Henderson then left the truck and returned to the barbershop;

- the informant's car, which was constantly under surveillance and which no one other than the informant and Henderson had approached, was searched at another location and was found to contain crack cocaine.

In sum, even though the informant did not testify, and no witness testified that he had seen Henderson carrying anything or giving anything to the informant, a jury reasonably could find beyond a reasonable doubt based on inferences from the circumstantial evidence that Henderson in fact distributed crack cocaine to the informant. Henderson was able to make a straight-faced argument to the jury that the informant had previously planted the drugs in the barbershop and then simply retrieved them at the time of the purported exchange, but the jury was not required to accept that argument – among other things, the particulars of the exchange were not set up until just a couple of hours before it actually happened, making Henderson's alternative scenario highly unlikely.

Henderson has also moved for a new trial pursuant to Federal Rule of Criminal Procedure 33. He argues that the Court erred in permitting the government to "bolster" the credibility of the informant, who did not testify at trial, by offering evidence that he had participated in other cases that had resulted in guilty pleas by his targets in those cases. The Court rejects this argument. At trial, Henderson attacked the informant by arguing that he had planted the drugs in order to get a better deal for himself. The Court agrees with the government that this amounted to an attack on

2

the informant's credibility which entitled the government to offer evidence concerning his cooperation in other cases in order to rebut the attack. *See United States v. Lindemann*, 85 F.3d 1232, 1242-43 (7th Cir. 1996). The fact that Henderson's case was the first in which the informant actually participated in a drug deal as an informant is without consequence. First of all, the informant had given information on other subjects by that time. More importantly, this case cannot logically be distinguished from *Lindemann* based on the particular spot in the sequence of events in which the informant dealt with the defendant. Henderson's argument may bear on the weight to be given to the evidence of the informant's cooperation in other cases, but it does not preclude its admissibility. Finally, the fact that the informant did not testify is likewise of no consequence; Henderson attacked the informant's credibility, and that attack warranted the admission of curative evidence whether or not the informant testified at trial.

## Conclusion

For the reasons stated above, the Court denies defendant's motion for a judgment of acquittal [docket item 51-1] and his motion for new trial [docket item 50-1]. All remaining motions were previously ruled upon before or during trial and are therefore terminated.

MATTHEW F. KENNELLY
United States District Judge

Date: November 4, 2002

3